FILED
JAMES BONINI
CLERK

09 MAY 29 PM 2: 41

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **THOMAS MITCHELL, on behalf of** : <br> **himself and all similarly situated persons,** : <br> **4426 Metler Court** : <br> **Powell, Ohio  43065,** : <br> : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **PROCTER & GAMBLE** : <br> **c/o CT Corporation System** : <br> **1300 East Ninth Street** : <br> **Cleveland, Ohio  44114** : <br> : <br> **and** : <br> : <br> **ASTRAZENECA PLC** : <br> **c/o The Corporation Trust Company** : <br> **Corporation Trust Center** : <br> **1209 Orange Street** : <br> **Wilmington, Delaware  19801,** : <br> : <br> **Defendants.** : | **Case No.** <br><br> **2 : 09 cv  426** <br><br> **Judge** <br> **JUDGE MARBLEY** <br><br> **Magistrate Judge** <br> **MAGISTRATE JUDGE KEMP** <br><br> **JURY DEMAND** <br> **ENDORSED HEREON** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Thomas Mitchell, on behalf of himself and all other similarly situated persons, by and through his designated attorneys, and for his class action Complaint alleges as follows: all allegations in this Complaint are based upon the investigation of counsel, except the specific allegations pertaining to the named Plaintiff, which are based upon personal knowledge. As of the date of this Complaint, no discovery has been conducted. As a result, it is likely that once the discovery process is underway, Plaintiff will seek leave to amend this Complaint to add new claims and/or new parties.

## NATURE OF THE ACTION

1.      This is a nationwide class action brought under Ohio common law against Procter & Gamble ("P&G") and AstraZeneca PLC ("AstraZeneca"), (collectively "Defendants") for claims relating to the manufacturing, marketing and sale of the drug Omeprazole magnesium delayed-release tablets used to treat frequent heartburn occurring two or more days a week, which is marketed in the United States as "Prilosec OTC®."

2.      Plaintiff brings this action on behalf of all persons who suffered from food-borne illnesses, *inter alia*, food poisoning, while taking Prilosec OTC.

3.      Defendants marketed and sold Prilosec OTC but failed to adequately warn users of certain dangers which Defendants knew or should have known were the result of using Prilosec OTC.

4.      Defendants intentionally and uniformly hid from consumers that use of Prilosec OTC increases the risk for food-borne illnesses.  Had Defendants disclosed such information, Plaintiff and the putative class would not have bought the product or would have been more cautious about eating certain foods which would cause no problems in a healthy adult not taking Prilosec OTC.

5.      As a result, Plaintiff and the putative Class were harmed by their use of the product.

## JURISDICTION AND VENUE

6.      Plaintiff sues individually and on behalf of a class of similarly situated persons as set forth herein.

7.      The Court has original subject matter jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C.A. § 1332(d)(2), because the amount in controversy exceeds the

sum or value of $5,000,000, exclusive of interest and costs, and the named Plaintiff, who is also member of the putative class, is a citizen of a State different than that of one of the Defendants. Plaintiff is a citizen of the State of Ohio. Plaintiff believes that the number of class members exceeds 500.

8.     Venue is proper in the Southern District of Ohio under 28 U.S.C.A. § 1391.

## PARTIES

9.     Plaintiff Mitchell is a resident of Delaware County, Ohio. He was prescribed and began purchasing and taking Prilosec OTC in 2008.

10.     Defendant P&G is an Ohio corporation with its principal place of business located in Cincinnati, Ohio. At all times relevant hereto, P&G was engaged in the business of manufacturing, distributing and/or selling, either directly or indirectly, through third parties or related entities, the drug Prilosec OTC. P&G does business throughout the United States.

11.     Defendant AstraZeneca is a foreign corporation with its principal place of business located in Great Britain. AatraZeneca's United States office is located in Wilmington, Delaware. At all times relevant hereto, AstraZeneca was engaged in the business of manufacturing, distributing and/or selling, either directly or indirectly, through third parties or related entities, the drug Prilosec OTC.

## FACTUAL ALLEGATIONS

12.     Prilosec OTC is the brand name for omeprazole magnesium delayed-release tablets. It is used to treat frequent heartburn (heartburn occurring two or more days per week). Defendants began to manufacture and distribute Prilosec OTC in 2003.

13.     Prior to becoming available over the counter, Prilosec was a prescription-only medicine. Currently, it is still available in prescription strength.

14.    Prilosec OTC acts as a proton pump inhibitor in the stomach and decreases the amount of hydrochloric acid produced by the stomach.  Stomach acid is one of the body's defense mechanisms against food-borne illnesses, as the stomach acid kills bacteria which may cause food poisoning.  When the level of acid being produced by the stomach decreases, the ability to kill potentially dangerous bacteria also decreases.

15.    Despite its knowledge of the increased risk of food-borne illnesses posed to individuals using Prilosec OTC, Defendants insisted that individuals taking Prilosec OTC could continue to eat the foods that they enjoy.

16.    Defendants issued uniformly misleading advertisements and promotional materials that failed to warn users of Prilosec OTC of their increased risk for food-borne illnesses.

17.    Plaintiff and the Class purchase Prilosec OTC over other competing products because they can continue to eat the foods that they enjoy.

18.    As a result of the Defendant's unlawful activities, Plaintiff and the Class Members have sustained losses and economic damages, including, *inter alia*, paying for treatments for food-borne illnesses.

**Plaintiff Thomas Mitchell:**

19.    During 2008, Plaintiff Mitchell began to experience frequent bouts of heartburn which were not relieved through the use of traditional antacids.

20.    On the advice of his physician, Plaintiff Mitchell began taking Prilosec OTC 20 mg daily on or about July 2, 2008.

4

21.     Plaintiff Mitchell experienced symptoms of food-borne illnesses, such as vomiting, on two separate occasions after beginning to take Prilosec. Each occasion resulted in a visit to his physician, where he received prescriptions for antibiotics.

22.     One occasion occurred after a buffet-style dinner party. Although many people had attended the party, only Plaintiff Mitchell became ill.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a nationwide class action on behalf of:

Thomas Mitchell, and all similarly situated persons who purchased Prilosec OTC® from 2004 to the present. Excluded from the class are the named Defendant, their affiliates, officers, employees and their immediate families.

24.     **Numerosity.** The numerosity requirements are satisfied in that there are too many Class Members for joinder of all of them to be practicable. Prilosec OTC has been taken by thousands of consumers.

25.     **Commonality.** The claims of the Class Members raise numerous common issues of fact and law. Every issue concerning liability is common to all Class Members because all issues concern the actions of Defendants with respect to their uniform misrepresentations and omissions contained in marketing materials. These issues are common in that, when answered as to one Class Member, all or a significant number of Class Members will be affected. Every issue concerning relief, if and when liability is established, is common to the class for the same reason. As to liability and relief, the counts set forth in this class action Complaint raise the following common issues, among others:

    a.     Whether Defendants' marketing materials failed to warn consumers about the increased risks of food-borne illnesses;

    b.     Whether each Defendant participated and/or committed and/or is responsible for the conduct complained of;

c.      Whether Defendants' conduct constitutes violations of the laws alleged herein; and

d.      Whether Plaintiff and the Class Members have sustained damages and/or are entitled to restitution as a result of Defendants' wrongdoings; and, if so, the proper measure and appropriate formula to be applied in determining such damages and restitution.

26.      **Typicality.** Plaintiff's claims and defenses are typical of the claims and defenses belonging to absent members of the Class, because Defendants uniformly failed to disclose the increased risks of food-borne illnesses and failed to warn consumers that they should be more cautious with the foods they eat as a result.

27.      **Adequacy of Representation.** Plaintiff has a sufficient stake in the litigation to vigorously prosecute his claims on behalf of the Class Members and Plaintiff's interests are aligned with those of the proposed class. Furthermore, Plaintiff's counsel is skilled in class action litigation and is qualified to carry out its duties as class counsel.

28.      **Inconsistent or Varying Adjudications.** The prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants. For example, one court could rule that it was improper for Defendants to fail to fully disclose the known problems associated with taking Prilosec OTC, while another court could rule that such disclosures were not necessary.

29.      **Predominance and Superiority.** Issues of fact and law common to the members of the class predominate over any issues affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the dispute:

a)      Upon information and belief, no other Class Members have filed a lawsuit against the Defendant arising from the events described herein;

b)      The cost of litigating the common issues raised in this Complaint will be essentially the same regardless of whether on behalf of the individual Plaintiff or all Class Members;

c) The commonality of all legal and virtually all factual issues makes the class action easy to manage; and

d) This forum is as convenient for Class Members as any other.

## COUNT I
### Products (Strict) Liability

30. Plaintiff restates and realleges all paragraphs above and in addition states matters as set forth below.

31. The Defendants were engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, and/or distributing Prilosec OTC, which they sold and distributed throughout the world.

32. The Plaintiff was using Prilosec OTC in a manner for which it was intended and/or in a reasonably foreseeable manner.

33. The Plaintiff was not aware of, and reasonably could not have discovered, the dangerous nature of Prilosec OTC. The Defendant is liable to the Plaintiff for all damages as well as for all equitable relief to which the Plaintiff may be entitled.

## COUNT II
### Negligence

34. Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

35. Defendants owed a duty to the Plaintiff regarding Prilosec OTC.

36. Defendants breached their duty and are guilty of negligent acts and/or omissions.

37. As a direct and proximate result, Plaintiff suffered injuries and is entitled to special and compensatory damages.

## COUNT III
### Violations of Ohio's Consumer Sales Practices Act,
### Ohio Rev. Code § 1345.01, *et seq.*

38.    Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

39.    As a result of the above-described unfair, deceptive and unconscionable acts and practices, Defendants have violated the Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code § 1345.01, *et seq.*

40.    Plaintiff and the class members are "consumer[s]" as defined in the CSPA, Ohio Rev. Code §1345.01(D).

41.    Defendants are "suppliers" as defined in the CSPA, Ohio Rev. Code § 1345.01(C).

42.    In purchasing Prilosec OTC, Plaintiff and the class members entered into a "consumer transaction" with Defendants as defined in the CSPA, Ohio Rev. Code § 1345.01(A).

43.    In connection with said transaction, Defendants committed unfair, deceptive and unconscionable acts and practices in violation of Ohio Rev. Code §1345.02 and Ohio Rev. Code §1345.03.   Said acts and practices include, but are not limited to, failure to warn about the increased risk of food-borne illnesses faced by users of Prilosec OTC.

44.    In addition, Defendants violated substantive provisions of the CSPA, including specific rules promulgated under Ohio Rev. Code §1345.02 that specifically characterize the Defendants' conduct as unfair and deceptive under the Act.

45.    Defendants have also committed unfair and deceptive acts and practices in violation of the Substantiation of Claims in Advertising Rule, Ohio Adm. Code §109-4-3-10, by making representations that would cause a reasonable consumer to believe such statements are

true, even though at the time such representations are made, the Defendants had no reasonable basis in fact which would substantiate such representations.

46.     Both rules were promulgated prior to the transactions at issue; and as such, Defendants were on notice that the conduct at issue violated the CSPA.

47.     Defendants acted willfully, knowingly, intentionally and with reckless indifference when they committed said unfair, deceptive and unconscionable acts and practices in violations of the CSPA.

48.     Pursuant to Ohio Rev. Code §1345.09, Plaintiff and all class members are entitled to the rescission of their purchases of Prilosec OTC, a return of all consideration paid to Defendants, actual economic damages, non-economic damages up to $5000, and other appropriate relief.

49.     Plaintiff and the class members further request their reasonable attorney's fees and costs, all pursuant to Ohio Rev. Code §1345.09(F)(2).

**COUNT IV**
**Declaratory and Temporary and Permanent Injunctive Relief Pursuant to Ohio's Consumer Sales Practices Act, Ohio Rev. Code §1345.09 (D)**

50.     Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

51.     Pursuant to §1345.09(D) of the CSPA, Plaintiff and the class members request declaratory relief to declare that the deceptive and unfair acts and practices of Defendants are in violation of the CSPA and to temporarily and permanently enjoin Defendants from failing to disclose the increased risk of food-borne illnesses faced by users of Prilosec OTC.

## COUNT V
## Breach of Express Warranty

52.     Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

53.     Defendants expressly warranted to the market, including the Plaintiff, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Prilosec OTC was safe, effective, fit and proper for its intended use, and that individuals taking Prilosec OTC could continue to eat the foods they enjoy.

54.     In using Prilosec OTC, the Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendants.   These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

55.     As a direct and proximate result of Defendants' breaches of warranties, Plaintiff was injured and suffered damages to be proven at trial.

## COUNT VI
## Breach of Implied Warranty

56.     Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

57.     Prior to the time that Prilosec OTC was used by the Plaintiff, Defendants impliedly warranted to the market, including the Plaintiff, that Prilosec OTC was of merchantable quality and safe and fit for the use for which it was intended.

58.     As a direct and proximate result of Defendants' breaches of warranties, Plaintiff suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court declare, adjudge and decree the following:

A.     That this action may be maintained as a class action and declaring Plaintiff as representatives of the Class and its counsel as counsel of the Class;

B.     A Jury should be empanelled to try this matter;

C.     That Plaintiff and each member of the Class are entitled to compensatory damages;

D.     That Plaintiff and the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law;

E.     That Plaintiff and the Class recover pre and post-judgment interest, as provided by law; and

F.     That Plaintiff and the Class are granted such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Respectfully Submitted,

Rex H. Elliott          (0054054)
Charles H. Cooper, Jr.  (0037295)
Sheila P. Vitale        (0068271)
John C. Camillus        (0077435)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (Facsimile)

11

OF COUNSEL:

William B. Federman, Esq.
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma  73120
(405) 235-1560
(405) 239-2112 (Facsimile)

Attorney Lien Requested

**JURY DEMAND**

Plaintiff demands a trial by jury.

12