IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MITCHELL, on behalf of himself and all similarly situated persons, | : : : | |
| Plaintiff, | : : | Case No. 2:09-CV-426 |
| v. | : : | JUDGE ALGENON L. MARBLEY MAGISTRATE JUDGE KEMP |
| PROCTOR & GAMBLE, *et al.*, | : : | |
| Defendant. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants, The Proctor & Gamble Company and AstraZeneca LP's (collectively "Defendants") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 18.) For the reasons set forth below Defendants' Motion to Dismiss is **GRANTED**.

**II. BACKGROUND**

Defendants manufacture, market, and sale the over-the-counter drug Omeprazole, which consists of magnesium delayed-release tablets used to treat frequent heartburn. Defendants market this drug in the United States under the brand name Prilosec OTC. Prilosec OTC acts as a proton pump inhibitor and decreases the amount of gastric acid produced by the stomach.

In 2008, Mitchell began to experience frequent incidents of heartburn. After failing to obtain relief from his symptoms by using traditional antacids, Mitchell consulted with his physician. On or about July 2, 2008, and upon the advice of his physician, Mitchell began daily to take Prilosec OTC.

On October 1, 2008, Mitchell attended a buffet-style dinner party after which he became ill. On October 2, 2008, Mitchell visited his physician with complaints of diarrhea, night sweats and fever. Mitchell's physician prescribed an antibiotic.

On May 29, 2009, Mitchell initiated the present class action in federal court. On September 1, 2009, Mitchell filed an Amended Complaint. On October 5, 2009, Defendants' Moved to Dismiss Mitchell's Amended Complaint.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008)

(quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

**IV. LAW AND ANALYSIS**

Mitchell's Amended Complaint alleges six causes of action: (1) strict products liability - failure to warn; (2) negligent failure to warn; (3) violations of Ohio's Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01, et seq.; (4) declaratory and temporary and permanent injunctive relief pursuant to OCSPA, Ohio Revised Code § 1345.09(D); (5) breach of express warranty; and (6) breach of implied warranty. (Pl. Amended Compl. Doc. 13 p.8-13.) Mitchell brings these claims on behalf of a proposed class that he defines as "all similarly situated persons who purchased Prilosec OTC from 2004 to the present," excluding "the named Defendants, their affiliates, officers, employees and their immediate families." (Pl. Amended Compl. Doc. 13 ¶ 21.)

In their Motion to Dismiss, Defendants argue that Mitchell's complaint should be dismissed for a variety of reasons including that: (1) Mitchell's claims are preempted by the Ohio Product Liability Act ("OPLA"), Ohio Revised Code section 2307.71 et seq., and should be pled with reference to the OPLA; (2) Mitchell's factual allegations fail to meet the pleading requirements as required by *Iqbal* and *Twombly*; (3) Mitchell has failed to meet the requirement in Ohio Revised Code § 1345.09(B) that Defendants be put on notice that their alleged conduct violated the OCSPA; (4) Mitchell's breach of warranty claims fail to fulfill the notice

requirement under Ohio Revised Code § 1302.65(C)(1); (5) purchase-only class members have suffered no present injury and are not properly members of the asserted class; and (6) putative class members who purchased the product more than five years ago should be limited because they are outside the applicable statutes of limitations.

### A. The OPLA

Defendants first argue that all of Mitchell's claims are preempted by the OPLA. Since Mitchell's claims in the Amended Complaint are not pled with reference to the OPLA, the claims should be dismissed. (Def. Mot. to Dismiss Doc. 18 p. 3-5.) Mitchell argues that he seeks recovery for "economic losses" and that "the OPLA does not preempt a claim for damages that are not for 'physical injuries'...." (Pl. Resp. to Def. Mot. To Dismiss Doc. 19 p. 3.)

Ohio product liability law was consolidated under the OPLA, Ohio Revised Code section 2307.71 through section 2307.80, and applies to "[a]ny recovery of compensatory [or punitive] damages based on a product liability claim" O.R.C. §§ 2307.72(A),(B). The OPLA defines a product liability claim as one:

> "that is asserted in a civil action...and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question that allegedly arose from any of the following:
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
> (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C. § 2307.71 (M).

Under the terms of an amendment to the law by the Ohio General Assembly, effective April 7, 2005, the OPLA eliminated common law product liability causes of action. Ohio Rev.

Code § 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."); *see also Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, (N.D. Ohio 2009) ("the language of 2307.71(B) clearly proclaims the legislature's specific intention to eliminate common law product liability causes of action") *Routzahn v. Garrison*, No. 21190 2006 WL 1984498 at * 10 (Ohio App. 2 Dist., July 14, 2006) (stating that "the General Assembly eliminated common law product liability causes of action effective April 7, 2005...."); *Carrel v. Allied Products Corp.*, 78 Ohio St. 3d 284, 286 (Ohio 1997) (citing *State ex rel. Morris v. Sullivan*, 81 Ohio St. 79 (Ohio 1909)) ("[a]ccording to principles of statutory construction, the General Assembly will not be presumed to have intended to abrogate a common-law rule unless the language used in the statute clearly shows that intent."). The amended version of OPLA applies to actions that arose after the effective date of the amendment. *Luthman v. Minster Supply Co.*, No. 2-06-43, 2008 Ohio 165 (Ohio Ct. App. Jan.22, 2008) (applying the version of Ohio Rev.Code § 2307.71 *et seq* in effect at the time the cause of action accrued). The OPLA has been held to abrogate claims for strict products liability, negligent failure to warn, breach of express warranty, and breach of implied warranty. *See McConnell v. Cosco, Inc.*, 238 F.Supp. 2d 970, 974-75 (S.D. Ohio 2003) ( "Strict products liability claims in Ohio are governed by Ohio Revised Code sections 2307.71 through 2307.80."); *Delahunt v. Cytodyne Technologies*, 241 F. Supp. 2d 827, 842-44 (dismissing claims for negligence and breach of express warranty because such claims are preempted by the OPLA ); *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639 2008 WL 2491965 (S.D. Ohio June 17, 2008) (internal citations ommitted) (" The 'OPLA has preempted the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.'"); *White v. DePuy,*

*Inc.*, 718 N.E.2d 450, 459 (Ohio Ct. App. 1998) (finding that plaintiff's breach of express warranty claim is a common law products liability claim abrogated by the OPLA).

Under OPLA, a claimant is precluded from recovering for economic damages alone and can only seek recovery that is allowed by the terms of the statute. *See* Ohio Rev. Code § 2307.71(G) (defining "harm" as "death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question," and clarifying that "[e]conomic loss is not 'harm.'"); Ohio Rev. Code § 2307.71(M) (defining a "product liability claim" as one seeking to "recover compensatory damages...for death, physical injury to person, emotional distress, or physical damage to property other than the product in question...."); Ohio Rev. Code § 2307.71(B) (defining "[e]conomic loss" as "direct, incidental or consequential pecuniary loss, including, but not limited to, damage to the product in question, and nonphysical damage to property other than that product," and clarifying that "[h]arm is not 'economic loss'.") Where however, "recovery of compensatory damages for economic loss based on a claim that is asserted in a civil action, other than a product liability claim, is not subject to [the OPLA], but may occur under the common law of this state or other applicable sections of the Revised Code." Ohio Rev. Code 2307.72(C); *see also Hoffer v. Cooper Wiring Devices, Inc.*, No. 1:06-CV-763, 2007 WL 1725317 *2 (N.D. Ohio June 13, 2007) ("[T]o the extent Plaintiff seeks damages for economic loss, his claims do not fall under the purview of the OPLA."). Where a court allowed for economic recovery, claims similar to those of Mitchell were later dismissed because plaintiff could not make out an injury. *Hoffer*, 1:06-CV-763, 2007 WL 1725317 *6.

Courts in this jurisdiction have found that common law negligence actions may also be preempted by the OPLA where "[t]he actionable conduct that forms the basis of the negligence

claim-negligent research, manufacturing, testing, marketing, and failure to warn-is the same conduct that the OPLA defines as giving rise to a 'products liability claim.'" *Stratford*, No. 2:07-CV-639 2008 WL 2491965 (internal citations omitted); ("Plaintiffs are dressing up an OPLA claim as a negligence claim, which really amounts to a 'common law products liability claim.'").

Mitchell seeks recovery for "treatments for food-borne illnesses, as well as the purchase price of the product" and "damages equal to the difference in the market value of the product actually received and the value it represented." (Pl. First Am Compl. Doc. 19 ¶ 17.) Mitchell can not separate out his claims from the purview of the OPLA simply by claiming only economic losses. His claims about Priolsec OTC are products liability claims. And the injury he is alleged to have suffered relates directly to that product.

Claims that are authorized by the OPLA should be pled with reference to the applicable provision of the OPLA. *Delahunt*, 241 F.Supp.2d at 844. Mitchell's claim for strict products liability-failure to warn under Count I is subject to the OPLA. Ohio Rev. Code 2307.72(C) . Mitchell's claim for negligent failure to warn under Count II is essentially the same as a products liability claim dressed up as a negligence claim. Counts V and VI of Mitchell's Amended Complaint are also based on conduct which the OPLA defines as giving rise to a products liability claim. Counts I, II, V, and VI of the Amended Complaint are therefore **DISMISSED** without prejudice to allow Mitchell to plead his claims under the OPLA.

Further, the OPLA has also been held to preempt claims under the OCSPA, where the OCSPA claims are primarily rooted in product liability claims. *Bouchard v. American Home Products Corp.*, No. 3:98-CV-7541 2002 WL 32597992 *11(N.D. Ohio, May 24, 2002) (plaintiff's claim related to the ingestion of Redux under the OCSPA was a products liability

claim preempted by the OPLA) *Schnell v. American Home Products Corp.*, No. 3:00-CV-7228 2000 WL 35777837, slip op. *2 (N.D. Ohio, July 11, 2000) (plaintiff's claim related to the ingestion of Redux under the OCSPA was a products liability claim preempted by the OPLA); *Blake v. Interneuron Pharmaceuticals*, No. C-1-98-672 1998 WL 35307753, slip op. *1 (S.D. Ohio, Dec. 9, 1998) (stating that "allowing Plaintiff to pursue her [OCSPA] cause of action would basically provide her with a separate statutory theory of recovery in a products liability case that is precluded under Ohio law."). In *Schnell*, the court found that plaintiff's OCSPA claims were encompassed under the OPLA because the claims addressed the type of injury covered by the OPLA. *Schnell*, No. 3:00-CV-7228 2000 WL 35777837, slip op. *2. In *Blake*, the court found that plaintiff's claim that she had been induced "to use the drug phentermine, fenfluramine, and dexfenfluramine through the use of false and/or misleading advertising, representations and statements" was covered by the OPLA. No. C-1-98-672 1998 WL 35307753, slip op. *1.

As stated above, Mitchell's claims under the OCSPA, however labeled, are essentially products liability claims, similar to those claims found to have been preempted by the OPLA by other courts in this jurisdiction. Counts III and IV of Mitchell's Amended Complaint are therefore **DISMISSED** without prejudice to allow Mitchell to plead his claims under the OPLA.

### B. Pleading Requirements of Twombly and Iqbal

Defendants argue that Mitchell fails to meet the plausibility pleading requirement expressed in *Twombly* and *Iqbal* in his claims. *Twombly*, 550 U.S. 544, 127; *Iqbal* 129 S. Ct. 1937 (2009). Defendants argue that "Mitchell fails to assert that he actually suffered from food-borne illness that was actually caused by Prilosec OTC," and therefore has not met the Ohio law

requirement for proximate cause in a negligence action for products liability. (Def. Mot. to Dismiss Doc. 18 p. 8.) Mitchell counters that he is "not alleging that Priolsec [OTC] itself causes food-borne illenss"; "[r]ather,...that Prilosec [OTC] increases the risk of food-borne illness." (Pl. Resp. to Def. Mot. To Dismiss Doc. 19 p. 4.) Mitchell asserts that he "has pled the necessary factual allegations and elements to support his claims." *Id*. at 5.

The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and that "'naked assertion[s]' devoid of 'further factual enhancement'" do not meet this requirement. *Iqbal*, 129 S. Ct. at 1949 (2009) (citing *Twombly*). The Sixth Circuit has further elaborated that courts "can not dismiss for factual implausibility 'even if it [would] strike [ ] a savvy judge that recovery is very remote and unlikely.'" *Courie v. Alcoa Wheel & Forged Products*, 577 F. 3d 625, 630 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, the Court is not concerned with a challenge to a plaintiff's factual allegations. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Rather, the Court looks to whether the complaint states a claim upon which relief can be granted. *Id.*

In his Amended Complaint Mitchell states "On October 2, 2008, Plaintiff Mitchell visited his physician for complaints of diarrhea, night sweats and fever. He was prescribed an antibiotic. On or about October 1, 2008 plaintiff [sic] had attended a buffet-style dinner party. Although many people had attended the party, only Plaintiff Mitchell became ill." (Pl. Amended Compl. Doc. 13 ¶ 20.) Nowhere in Mitchell's factual allegations does he connect his assertion that Prilosec OTC increased the risk of food borne illness with the circumstances surrounding his illness. Thus, his Amended Complaint is formed of "naked assertions" that are lacking "further

factual enhancement" *Iqbal*, 129 S. Ct. at 1949. This Court can not make inference upon inferences to provide the factual enhancement to Mitchell's claims.

## V. CONCLUSION

For the reasons set forth above Claims I, II, III, IV, V, and VI of Mitchell's Amended Complaint are **DISMISSED without prejudice** to allow Mitchell to plead his claims under the OPLA. .

**IT IS SO ORDERED.**

                                                **s/Algenon L. Marbley**
                                                **ALGENON L. MARBLEY**
                                                **United States District Court Judge**

**DATED: March 1, 2010**